UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

CARLOS PETERSON,

                            Plaintiff,

    -against-                                          1:09-CV-00106 (LEK/RFT)

CITY OF SYRACUSE
POLICE DEPARTMENT, et al.,

                            Defendants.

---

**<u>DECISION AND ORDER</u>**

Plaintiff *pro se* Carlos Peterson ("Plaintiff" or "Peterson") commenced the instant action against the City of Syracuse Police Department ("Police Department") and Officers Charles Lester, David Glisson, David Demand, Daniel Walsh, Hiltow, and Sergeant Deegan (collectively, "Defendants"), pursuant to 42 U.S.C. § 1983.  Compl. (Dkt. No. 1).  Presently before the Court is Defendants' Motion to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.  Mot. to dismiss (Dkt. No. 25).  Defendants also request a transfer of venue under 28 U.S.C.§ 1404(a) in the event that the Court denies the Motion to dismiss.  Mot. to dismiss (Dkt. No. 25).  For the following reasons, Defendants' Motion to dismiss is granted in part and denied in part.  Defendants' Motion to transfer venue is granted.

**I.      BACKGROUND**

According to Plaintiff, on May 4, 2008, Plaintiff "went through a window" to enter True

Vine Baptist Church because he "had been poison[ed] and [his] body needed to be restored." Compl. at 5 (Dkt. No. 1). Plaintiff states that he was a member of this Church. Id. Plaintiff's entry triggered the Church's alarm, to which the Syracuse Police Department responded. Id. Plaintiff alleges that the responding police officers "thr[e]w me on the floor then started beat[ing] me with a police maglite all over the body." Id. at 6. Plaintiff further alleges that the officers "taser[e]d me . . . about 10 times [and] while on the floor I was kicked and punched several time[s]." Id. Plaintiff also states that his "ast[h]ma started bothering me when they pepper sprayed me . . . . They finally stopped beat[ing] me then they handcuffed me." Id. Plaintiff was then taken into custody and treated by a nurse who sent Plaintiff to the hospital for medical attention and x-rays. Id.

Plaintiff filed his Complaint pursuant to 42 U.S.C. § 1983 on January 26, 2009. The Court construes his allegations as asserting a violation of his Fourth Amendment right to be free from the use of excessive force and false arrest. While a demand for relief is not explicitly made in his Complaint, Plaintiff's entry of $5 million dollars in Part VII of his Civil Cover Sheet shall be regarded as a sufficient demand for relief. Compl. (Dkt. 1-1). On June 29, 2009, Defendants moved to dismiss the Complaint and, in the alternative, requested a transfer of venue under 28 U.S.C.§ 1404(a). Mot. to dismiss (Dkt. No. 25).

II.   STANDARD OF REVIEW

Because Peterson is a *pro se* litigant, his submissions are subject to "less stringent standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9 (1980) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)). Therefore, the Court must "read the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments they suggest.'" McPherson v.

Coombe, 174 F.3d 276, 280 (2d Cir. 1999) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)).  Furthermore, "[i]t is well-established that 'when a plaintiff proceeds *pro se* . . . a court is obliged to construe his pleadings liberally, particularly when they allege civil rights violations.'" Hemphill v. New York, 380 F.3d 680, 687 (2d Cir. 2004) (quoting McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004)).  However, *pro se* status "'does not exempt a party from compliance with relevant rules of procedural and substantive law.'"  Traguth v. Zuck, 710 F.2d 90, 92 (2d Cir. 1983) (quoting Birl v. Estelle, 660 F.2d 592, 593 (5th Cir.1981)).

    A.    **Motion to Dismiss under Rule 12(b)(6)**

Federal Rule of Civil Procedure 8(a) requires that a complaint "contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief; and . . . a demand for the relief sought."  FED. R. CIV. P. 8(a)(2)–(3).  In order to withstand a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A party must plead with sufficient factual detail to "'nudge[] [his or her] claims . . . across the line from conceivable to plausible.'"  Iqbal, 129 S. Ct. at 1950–51 (quoting Twombly, 550 U.S. at 570)).  While stating a claim does not require the recitation of detailed factual allegations, it does require facts sufficient to state a claim for relief that is *prima facie* plausible.  Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 555).

The Court must accept the allegations in a well-pleaded complaint as true, Albright v. Oliver, 510 U.S. 266, 268 (1994), and draw all inferences in favor of the non-moving party. Scheuer v. Rhodes, 416 U.S. 232, 236 (1973); see also Global Network Commc'ns, Inc. v. City of

3

New York, 458 F.3d 150, 154 (2d Cir. 2006); King v. Am. Airlines, Inc., 284 F.3d 352, 356 (2d Cir. 2002). A complaint should be dismissed on a Rule 12(b)(6) motion only where the plaintiff has failed to provide some basis for the allegations that support the elements of his or her claim. See Twombly, 550 U.S. 544 (2007). However, "conclusory allegations are insufficient to withstand a motion to dismiss." Giaccio v. City of New York, No. 04 Civ. 3652, 2005 WL 95733, at *5 (S.D.N.Y. Jan. 19, 2005); see also Straker v. Metro. Transit Auth., 333 F. Supp. 2d 91, 102 (E.D.N.Y. 2004).

**II.   DISCUSSION**

Defendants move to dismiss Plaintiff's Complaint in its entirety pursuant to Rule 12(b)(6). Mot. to dismiss at 5 (Dkt. No. 25). Defendants specifically argue that the Complaint should be dismissed for failing to conform to the requirements of Rule 8(a) that a pleading demonstrate a pleader is entitled to relief and that it contain a demand for the relief sought. Id. at 6–7. Furthermore, Defendants contend that all causes of action against the Syracuse Police Department must be dismissed because it is not an entity subject to suit under 42 U.S.C. § 1983. Id. at 8. Finally, Defendants request that the causes of action against the individually-named police officers be dismissed because the officers are not subject to liability under 42 U.S.C. § 1983 in their official capacities and are immune from punitive damages. Id. at 10–11.

**A.   Motion to Dismiss**

**i. Compliance with Federal Rule of Civil Procedure 8(a)**

Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is

entitled to relief." FED. R. CIV. P. 8(a)(2).  Although Plaintiff's compliance with the Rule is not perfect, it is sufficient to apprise Defendants of the nature of Plaintiff's arguments and factual allegations.  Therefore, in light of his *pro se* status, the Court recognizes that Plaintiff's factual allegations can be read to state a claim that Plaintiff is entitled to relief for a violation of his Fourth Amendment right to be free from the use of excessive force and false arrest.  Drawing all inferences in Plaintiff's favor, the Complaint "state[s] a claim to relief that is plausible on its face" and therefore withstands a motion to dismiss under Rule 12(b)(6).  Twombly, 550 U.S. at 570.  Plaintiff's Complaint contains sufficient factual allegations of events on May 4, 2008 to "'nudge[] [its] claims . . . across the line from conceivable to plausible.'" Iqbal, 129 S. Ct. at 1950–51 (quoting Twombly, 550 U.S. at 570).  Plaintiff's allegations of being "beaten", "taser[e]d", "kicked", "punched" and "pepper sprayed," Compl. at 6 (Dkt. 1), are more than "conclusory allegations." Giaccio, 2005 WL 95733, at *5.  A complaint should only be dismissed on a Rule 12(b)(6) motion if the plaintiff has failed to provide some basis for the allegations that support the elements of his or her claim, and Plaintiff's Complaint meets this minimum threshold.  See Twombly, 550 U.S. 544 (2007).

Rule 8(a)(3) requires that a complaint contain "a demand for the relief sought." FED. R. CIV. P. 8(a)(3).  While Plaintiff fails to explicitly designate the relief sought in his Complaint, Plaintiff's entry of $5 million dollars in Part VII of his Civil Cover Sheet, read liberally, represents a sufficient demand for relief.  Compl. (Dkt. 1-1).  Therefore, the Complaint cannot be dismissed under Rule 12(b)(6) for failure to comply with Rule 8(a).

### ii. City of Syracuse Police Department

The City of Syracuse Police Department moves to dismiss Plaintiff's Complaint on the grounds that it is not susceptible to suit under 42 U.S.C. § 1983. "While a municipality may be susceptible to suit under 42 U.S.C. § 1983, a municipal police department is not." La Grande v. Town of Bethlehem Police Dep't, No. 1:08-CV-0738, 2009 WL 2868231, at *2 (N.D.N.Y. Sept. 1, 2009) (Kahn, J.) (citing Walker v. Waterbury Police Dep't, No. 08-CV-959, 2009 WL 261527, at *5 (E.D.N.Y. Feb. 4, 2009)). Indeed, "[u]nder New York law, departments which are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and cannot sue or be sued." Walker, 2009 WL 261527, at *5 (citing Hall v. City of White Plains, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002)). Therefore, "claims asserted under 42 U.S.C. § 1983 will be dismissed against a municipality's police department." La Grande, 2009 WL 2868231, at *2; see also Baker v. Willett, 42 F. Supp. 2d 192, 198 (N.D.N.Y. 1999). Accordingly, because the City of Syracuse Police Department cannot be sued pursuant to 42 U.S.C. § 1983, Plaintiff's Complaint is dismissed as against the City of Syracuse Police Department.

Assuming, *arguendo*, that Plaintiff's claims against the City of Syracuse Police Department can be construed as a claim against the City of Syracuse itself, Plaintiff's Complaint would still be dismissed as against the City. To state a cause of action against a municipality under 42 U.S.C. § 1983, "a plaintiff must allege that the municipality has adopted a custom or policy which is the moving force behind the [alleged constitutional violation]." Zappala v. Albicelli, 980 F. Supp. 635, 649 (N.D.N.Y. 1997). Furthermore, a "municipality cannot be held liable on the basis of *respondeat superior* and 'a single incident alleged in a complaint, especially if it involved only actors below the policymaking level, generally will not suffice to raise an inference of the existence of a custom or policy.'" La Grande, 2009 WL 2868231, at *2 (quoting Campanaro v. City of

Rome, 999 F. Supp. 277, 281 (N.D.N.Y. 1998)). Even given a liberal reading, Plaintiff's Complaint does not contain any allegations that the City of Syracuse had a policy or custom of violating constitutional rights. On the contrary, the factual allegations contained within Plaintiff's Complaint amount to a description of a "single incident" involving "actors below the policymaking level." Campanaro, 999 F. Supp at 281. For these reasons, Plaintiff's Complaint is dismissed as against the City of Syracuse and the City of Syracuse Police Department.

### iii. Police Officers in their Official Capacities

Plaintiff's Complaint does not specify whether his claim for damages is brought against the police officers in their official or individual capacities. However, state officers in their official capacities are not amenable to suits for damages under 42 U.S.C. § 1983. Al-Jundi v. Estate of Rockefeller, 885 F.2d 1060, 1065 (2d Cir. 1989). Therefore, the Complaint is dismissed as against the named officers in their official capacities.

### iv. Police Officers in their Individual Capacities

The Court assumes that the Plaintiff's claim is brought against the officers in their individual capacities. "Where damages are sought in a section 1983 action, the defendant must be responsible for the alleged constitutional deprivation." Id. at 1065. "'[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" Williams v. Smith, 781 F.2d 319, 323 (2d Cir. 1986) (quoting McKinnon v. Patterson, 568 F.2d 930, 934 (2d Cir. 1977)). Whether or not there was "personal involvement is a question of fact." Williams, 781 F.2d at 323.

Here, if the Court accepts the allegations in the Complaint as true, Albright, 510 U.S. at 268, Plaintiff's allegations against the police officers in their individual capacities do demonstrate "personal involvement" and, therefore, a viable claim under 42 U.S.C. § 1983. For this reason, Peterson is "entitled to offer evidence to support [his] claims." Todd v. Exxon Corp., 275 F.3d 191, 198 (2d Cir. 2001). Accordingly, Defendants' Motion to dismiss under Rule 12(b)(6) is denied.

### B.  Transfer of Venue under 28 U.S.C. § 1404(a)

Defendants have moved for a transfer of venue pursuant to 28 U.S.C. § 1404(a) should the Court deny Defendants' Motion to dismiss; apparently, they seek to transfer the case to Syracuse, which is also within the Northern District of New York. A motion to transfer venue is governed by 28 U.S.C. § 1404(a), which provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Given the proximity of Syracuse to Albany, the Court finds that a transfer from this Court to the courthouse at Syracuse is not warranted. While Syracuse may be a somewhat more convenient location for Defendants, the "party seeking transfer bears the burden of demonstrating that transfer is warranted," and the Court does not perceive a strong enough balance of factors to justify the limited change they seek.[1]  Sec. Mut. Life Ins. Co. of New York v. Shapiro, No. 3:09-CV-0316, 2009 WL 2957779, at *1 (N.D.N.Y. Sept. 11, 2009).

---

[1] Typically, factors to be considered are: (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of the parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties. Sec. Mut. Life Ins. Co., 2009 WL 2957779, at *1 (N.D.N.Y. Sept. 11, 2009) (citing D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 106–07 (2d Cir. 2006)).

Accordingly, venue is retained in Albany.

### III.  CONCLUSION

Based on the foregoing, it is hereby

**ORDERED**, that Defendants' Motion to dismiss (Dkt. No. 25) is **GRANTED** in part and **DENIED** in part; and it is further

**ORDERED**, that Plaintiff's Complaint is dismissed as against Defendant City of Syracuse Police Department and as against the Defendant police officers in their official capacities; and it is further

**ORDERED**, that Defendants' request to transfer venue (Dkt. No. 25) is **DENIED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order on all parties.

**IT IS SO ORDERED**.

DATED:   March 31, 2010
         Albany, New York

Lawrence E. Kahn
U.S. District Judge