UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

CARLOS PETERSON,

                Plaintiff,

      -against-                                  1:09-CV-0106 (LEK/RFT)

OFFICER CHARLES LESTER; *et al.*,

                Defendants.

**DECISION and ORDER**

**I.    INTRODUCTION**

This matter is before the Court on the issue of damages following entry of default against the individual officer defendants. Dkt. No. 58. Plaintiff seeks damages in excess of $5,000,000.00 for physical and emotional injuries he claims to have suffered as a result of Defendants' use of excessive force in effectuating his arrest. Dkt. No. 61. Defendants oppose the claim for damages. Dkt. No. 107.

**II.    BACKGROUND**

On May 4, 2008, Plaintiff entered the True Vine Baptist Church through a window because he "had been poison[e]d and [hi]s body needed to be restored." Dkt. No. 1 ("Complaint") at 5. Plaintiff's entry triggered the alarm system, to which the Syracuse Police Department responded. See id. at 5-6. The Complaint alleges that the police officers threw him to the floor and beat him all over his body with a flashlight. Id. at 5. Plaintiff also claims to have been tasered approximately 10 times and to have been kicked, punched, and pepper sprayed. Id. Plaintiff was then taken into custody and treated by a nurse who sent Plaintiff to the hospital for medical attention and X-rays. Id.

University Hospital records from May 4, 2008, note that Plaintiff "took on 5 police officers and picked one up by the throat." Dkt. No. 100 at 103 ("Garcia Affidavit") Ex. C. The records also note that Plaintiff was "acting strangely, he admits to a joint with water (soaked pot)." Id. The medical examination revealed a "bloody nose and bump to head." Id. Although Plaintiff complained of shoulder pain, his shoulder joints and range of motion were found to be normal. The examination notes state that "[t]here are no other marks or bruises or injuries noted on Carlos except for the hematoma to his forehead, and a minor bloody nose." Id. The report does note that some of the arresting officers sustained injuries. Id.; see also People v. Peterson, 897 N.Y.S.2d 361 (App. Div. 2010).[1] Additional University Hospital medical records note that Plaintiff "does have contusions . . . above the right eyebrow as well as the right forehead. There are three small hematomas that are noted there as well. . . . The patient also has approximately 0.5-cm simple laceration above the upper lip." Garcia Aff. Ex. C. A small abrasion was noted over the left chest wall. Id. Plaintiff did have some tenderness with palpation over the right shoulder, but had full range of motion. Plaintiff also complained of hand pain, but had full range of motion and zero tenderness. Id. X-rays did not reveal any fractures. Another University Hospital record from May 4 notes "superficial abrasions" to the left forehead, all less than 5 mm and not bleeding. Id. That record notes "minimal edema" and no swelling about the eyes, bruising, ecchymosis or clinical signs

---

[1] At the criminal trial:
One [officer] testified that, as a result of the assault by defendant, he sustained an elbow injury that required medical treatment, physical therapy and the use of anti-inflammatory medication. Four months after the incident, that [officer] was required to use an arm band to support the tendons in his arm and to enable him to use his arm effectively. The other [officer] testified that defendant punched him in the face with his closed fist, thereby causing swelling, bruising and a black eye.
897 N.Y.S.2d at 362.

2

of skull fracture.  Id.  The examining physicians found that there was "no clinical evidence of trauma or significant injury to the right hand that would warrant radiographs at this point in time. Radiographs of the shoulder were normal.  The patient was ambulatory and discharged in a stable and satisfactory condition . . . ."  X-rays from May 9, 2008, showed swelling of the middle finger. Dkt. No. 100 at 16 ("Plaintiff's Exhibit A").

Prison medical records from the date of the incident note asthma and a head injury.  Id.  No significant findings were noted.  Id.  The Onondaga Correctional Medical and Behavioral Health Services Initial Nursing Screening Form noted visible signs of a cut forehead over the left eye and edema to the upper lip.  The report also noted prior medical care at University Hospital for right shoulder discomfort, head injury, and having been pepper sprayed.

On May 21, 2008, Plaintiff was involved in a fight in the prison.  He "presented to the emergency department for evaluation of injuries status post altercation.  The patient . . . was apparently involved in an altercation *this afternoon*."  Garcia Aff. Ex. C. (emphasis added).  During that altercation, Plaintiff "fell and hit the left side of his jaw on the sink and also his right knee on a porcelain toilet, the lid of which fractured and caused a laceration to his right knee."  Id.  At that time, Plaintiff complained of swelling to the left side of his jaw and denied any other pain except in his right knee.  Id.  The examination revealed significant swelling to the jaw and a deep 6-centimeter laceration to the lateral aspect of the right patella.  Id.  Plaintiff also was found to have "some small abrasions to his right hand."  Id.  The laceration was repaired.  Id.  He was discharged with information on facial contusions and laceration-wound care.  Id.

Plaintiff was placed in the solitary housing unit on May 26, 2008.  At that time he underwent a mental health assessment.  The assessment was largely unremarkable, except for noting "mild"

3

anxiety and poor judgment. Dkt. No. 100 at 32 ("Plaintiff's Exhibit D"). He was found not to be in need of "active mental health services." Id.

An X-ray from June 6, 2008, identified "slight soft tissue swelling of the third digit. No fracture." Pl.'s Ex. A. A December 17, 2009, medical report discusses an examination for "headache with recent trauma." Pl.'s Ex. D. Plaintiff also submits mental health records from June 2011 and onward concerning treatment he received for anxiety. Id.

Plaintiff was tried in state court and ultimately convicted of two counts of assault in the second degree, criminal mischief in the fourth degree, resisting arrest, and criminal trespass in the third degree. Peterson, 897 N.Y.S.2d 361.

## III. DISCUSSION

### A. False Arrest

To the extent Plaintiff's Complaint can be read to bring a claim for false arrest, he is not entitled to any damages. Plaintiff was convicted of charges of assault in the second degree, criminal mischief in the fourth degree, resisting arrest, and criminal trespass in the third degree. Peterson, 897 N.Y.S.2d 361. This conviction, of which the Court takes judicial notice, provides probable cause to arrest as a matter of law. See Southerland v. City of New York, 681 F.3d 122, 130 (2d Cir. 2012) (Raggi, J., dissenting from denial of rehearing *en banc*); Cameron v. Fogarty, 806 F.2d 380, 388 (2d Cir. 1986) ("Where the civil rights plaintiff has been convicted of the offense for which he was arrested, we have in effect accepted the fact of that conviction as conclusive evidence of the good faith and reasonableness of the officer's belief in the lawfulness of the arrest."). Moreover, allowing damages for this claim could run afoul of the Supreme Court's holding in Heck v. Humphry, 512 U.S. 477 (1994). Accordingly, Plaintiff cannot recover damages for false arrest.

### B. Excessive Force

Based on Defendants' default, Plaintiff is entitled to damages for the use of excessive force. The amount of damages are not deemed admitted by Defendants' default. "Damages, which are neither susceptible of mathematical computation nor liquidated as of the default, usually must be established by the plaintiff in an evidentiary proceeding in which the defendant has the opportunity to contest the amount." Greyhound Exhibitgroup, Inc. v. E.L.U.L Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992). Under Federal Rule of Civil Procedure 55, damages in a default judgment may be determined by the court through a hearing. FED. R. CIV. P. 55(b)(2). A hearing is not necessary when the court relies "upon detailed affidavits and documentary evidence, supplemented by the District Judge's personal knowledge of the record" to calculate a damage award. Tamarin v. Adam Caterers, Inc., 13 F.3d 51, 54 (2d Cir. 1993); see also Fustok v. ContiCommodity Services, Inc., 873 F.2d 38, 40 (2d Cir. 1989).

"Even in the absence of a hearing, however, the district court cannot simply rely on the plaintiff's statement of damages; there must be a basis upon which the court may establish damages with reasonable certainty." House v. Kent Worldwide Mach. Works, Inc., 359 F. App'x 206, 207 (2d Cir. 2010) (citing Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir.1997)). "Magistrate judges and district courts have interpreted this to mean that, even when the defendant defaults and is not present to object, damages must be based on admissible evidence." House, 395 F. App'x at 207 (citing Cesario v. BNI Construction, Inc., No. 07 Civ. 8545, 2008 WL 5210209, at *2 (S.D.N.Y. Dec. 15, 2008); Ermenegildo Zenga Corp. v. 56th Street Menswear, Inc., No. 06 Civ. 7827, 2008 WL 4449533, at *3 (S.D.N.Y. Oct. 2, 2008); Smith v. Islamic Emirate of Afghanistan, 262 F. Supp. 2d 217, 224 (S.D.N.Y. 2003)). "Proof of damages

must therefore be based on admissible, authenticated evidence." Yegoryan v. Morales, 08 CV 1308, 2010 WL 4038757 (E.D.N.Y. Sept. 10, 2010), report and recommendation adopted, 2010 WL 3909208 (E.D.N.Y. Sept. 27, 2010) (citing House, 395 F. App'x at 207). "The Federal Rules of Evidence require that documents be authenticated before they can be admitted into evidence." House, 359 F. App'x at 207 (citing FED. R. EVID. 901(a)).

Here, despite being represented by counsel, none of Plaintiff's record evidence has been authenticated. This includes the records purported to be from University Hospital, the records purported to be from the correctional facility, and the photographs. Plaintiff was given multiple extensions of time to submit evidence in support of his claim for damages. Notwithstanding these multiple opportunities, aside from his own affidavit,[2] he has not submitted any evidence admissible in form substantiating the extent of any injuries or economic loss. "The failure of counsel to adhere to [the] simple directive to provide affidavits asserting that the documents were what they purported to be is inexcusable." House, 359 F. App'x. at 207. Because there is insufficient evidence in admissible form, the Court finds that Plaintiff has failed to substantiate his claim for compensatory damages.

Even assuming the submissions are properly before the Court, an award of nominal damages is appropriate. The Second Circuit has explained that:

> Where the plaintiff has been subjected to excessive force, compensable injury would normally follow. A finding of excessive force does not, however, entitle the victim to compensatory damages as a matter of law. To recover compensatory damages plaintiff must prove that his injuries were proximately caused by the constitutional violation. Where the evidence would permit the jury to find that, while both justifiable and excessive force was

---

[2] In his Affidavit, Plaintiff states that he became unconscious and sustained a bloody, swollen nose; a bloody, swollen mouth; slight soft tissue swelling to the middle finger on his right hand; and was sore, ached, and had a bruised face, head, and body. Pl's Aff. ¶ 10.

6

used, the injury was caused by the use of the former, an award of nominal damages is proper. If it is clear from the undisputed evidence, however, that the plaintiff's injuries were caused by the use of excessive force, then [compensatory damages are warranted].

Atkins v. New York City, 143 F.3d 100, 103 (2d Cir. 1998).

Here, the Court finds that both justifiable and excessive use of force were used. It is clear from the record that Plaintiff unlawfully entered the church and that, when confronted by the police, he fought with them necessitating the use of physical force. This is established by both the medical records submitted by Plaintiff (briefly discussed below) and his state-court conviction for two counts of assault in the second degree in violation of New York Penal Law § 120.05(3).[3] The Court finds that the claimed injuries were caused by the justifiable use of force.

Even assuming the injuries were not caused by the use of justifiable force, considering the nature and circumstances of the altercation and Plaintiff's injuries (which includes a review of the pictures and all submitted records), the Court finds Plaintiff's injuries to be *de minimis*. Plaintiff sustained some minor cuts, bleeding and bruises, but no fractures or other significant injury.

---

[3] A person is guilty of assault in the second degree when: "With intent to prevent a . . . police officer . . . from performing a lawful duty . . . he or she causes physical injury to such . . . police officer." N.Y. PENAL LAW § 120.05(3). Plaintiff appealed his state court conviction and argued, among other things, that there was insufficient evidence to support his assault conviction. The Appellate Division, Fourth Department, disagreed, stating:
> Contrary to defendant's contention, the assault conviction is supported by legally sufficient evidence establishing that both victims, each of whom was a police officer, sustained a physical injury . . . . One victim testified that, as a result of the assault by defendant, he sustained an elbow injury that required medical treatment, physical therapy and the use of anti-inflammatory medication. Four months after the incident, that victim was required to use an arm band to support the tendons in his arm and to enable him to use his arm effectively. The other victim testified that defendant punched him in the face with his closed fist, thereby causing swelling, bruising and a black eye. We conclude that the victims' injuries "were more than mere petty slaps, shoves, kicks and the like" . . . and we see no basis to disturb the jury's verdict.

Peterson, 897 N.Y.S.2d at 362.

Plaintiff did not require in-patient hospitalization or extensive or ongoing treatment. There is no evidence of any permanent physical injury. He was discharged on the date of the incident in stable condition with no serious injury.

Further, Plaintiff was in a prison fight on May 21, 2008, which necessitated a visit to the emergency room. During this incident, only a few weeks after the May 4 incident, Plaintiff hit the left side of his jaw on a sink and lacerated his right knee on the lid of a porcelain toilet. This incident caused significant swelling to Plaintiff's jaw, suggesting a substantial blow to the head. There is insufficient evidence before the Court demonstrating that any headaches or other injuries that Plaintiff may have experienced were the result of the May 4 altercation with the police rather than the May 21 prison fight. To conclude otherwise would be pure conjecture.

With respect to claimed emotional injury, there is insufficient evidence before the Court upon which it can reasonably conclude that Plaintiff sustained any emotional injury as a result of the May 8, 2008, incident. After a prison fight, Plaintiff was placed in the solitary housing unit ("SHU"). Upon admission to SHU, Plaintiff underwent a mental examination that did not reveal any significant findings other than mild anxiety and poor judgment. Plaintiff was determined not to require any active mental health treatment. The other mental health records are from June 2011 and after—a time period more than three years after the May 8, 2008, incident. Although one treatment record notes an ongoing excessive-use-of-force claim, nothing in those records reasonably suggests that any mental health treatment was related to, or caused by, the May 8, 2008, incident.

Finally, Plaintiff has submitted no evidence of financial loss, such as medical expenses, lost wages or benefits, or evidence of any other compensable injuries. The Court also finds no basis for punitive damages.

**IV. CONCLUSION**

For the foregoing reasons, the Court finds that Plaintiff is entitled to nominal damages in the amount of $1.00 as a result of Defendants' use of excessive force.

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's Motion (Dkt. No. 61) for damages is **GRANTED**; and it is further

**ORDERED**, that judgment enter for Plaintiff against Defendants in the amount of $1.00; and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order on all parties.

**IT IS SO ORDERED.**

Dated:     July 23, 2013
              Albany, NY

_____
Lawrence E. Kahn
U.S. District Judge