UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

CARLOS PETERSON,

                Plaintiff,

        -against-                                    1:09-cv-0106 (LEK/RFT)

SYRACUSE POLICE
DEPARTMENT, *et al.*,

                Defendants.

_____

## **DECISION and ORDER**

**I.    INTRODUCTION**

Before the Court is Plaintiff Carlos Peterson's ("Plaintiff") Motion for reconsideration of the Court's award of damages on Plaintiff's excessive force claim. Dkt. Nos. 114 ("Order"); 116 ("Motion"). Following Defendants' default, the Court entered judgment for Plaintiff and directed him to submit evidence on the issue of damages. Dkt Nos. 58; 68. Plaintiff, through his court-appointed *pro bono* counsel, submitted a motion for damages and several supplemental exhibits. Dkt. Nos. 61; 100. Defendants responded, and Plaintiff replied. Dkt. Nos. 107; 108. The Court, finding that Plaintiff had not proved injury and, therefore, entitlement to compensatory damages, awarded Plaintiff nominal damages of $1.00. Order. Plaintiff filed his Motion, Defendants a response, and Plaintiff a Reply. Mot.; Dkt Nos. 117 ("Response"); 119 ("Reply"). Plaintiff also filed Letter Motions requesting appointment of new *pro bono* counsel and a hearing, as well as reassignment of the case to a different judge. Dkt. Nos. 120; 129. For the following reasons, Plaintiff's Motions are denied.

## II. LEGAL STANDARD

The standard for granting a motion for reconsideration is strict. Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided." Id. Furthermore, a motion for reconsideration is not to be used for "presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998). "Generally, the prevailing rule in the Northern District 'recognizes only three possible grounds upon which motions for reconsideration may be granted; they are (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice.'" Sumner v. McCall, 103 F. Supp. 2d 555, 558 (N.D.N.Y. 2000) (Kahn, J.) (quoting In re C-TC 9th Ave. P'ship, 182 B.R. 1, 3 (N.D.N.Y. 1995)).

## III. DISCUSSION

Because Plaintiff sets forth no particular challenge to the Court's Order, the Motion is best construed as alleging clear error or manifest injustice. The Court's failure to award compensatory, consequential, or punitive damages arose from Plaintiff's failure to adduce evidence establishing that the portion of Defendants' force that was excessive caused any substantial injury to Plaintiff.

Some of the force used to effectuate Plaintiff's arrest was justifiable. Order at 7. When both justifiable and excessive force is used, compensatory damages are appropriate where "it is clear from the undisputed evidence . . . that the plaintiff's injuries were caused by the use of excessive force." Atkins v. City of N.Y., 143 F.3d 100, 103 (2d Cir. 1998). "Where the evidence would permit a jury to find that, while both justifiable and excessive force was used, the injury was caused

by the former, an award of nominal damages is proper." Id. Even in the case of a default judgment, it is the Plaintiff's burden to provide "a basis upon which the Court may establish damages with reasonable certainty." House v. Kent Worldwide Mach. Works, Inc., 359 F. App'x 206, 207 (2d Cir. 2010). Plaintiff's conviction for assaulting a police officer—in particular, picking the officer up by the throat—establishes that at least some of the force used to effectuate the arrest was justifiable. See Order at 3, 7 n.3. The Court found that, not only were Plaintiff's injuries sustained as the result of justifiable force, but they were also *de minimis*. Id. at 7-8. Other than "superficial abrasions" and "minimal edema," to the nose and forehead, Plaintiff sustained no injury. Dkt. No. 100 Ex. C.

Plaintiff also failed to establish whether later headaches were caused by his arrest or a prison fight. The Court found the prison fight to be the more likely cause. Order at 3, 8 (citing Dkt. No. 100, Ex. C). During the course of that fight, Plaintiff "hit the left side of his jaw on a sink," which caused "significant swelling." Order at 3. Given the substantial blow to the head that Plaintiff sustained in that fight, in contrast to the minor cuts and scrapes sustained during his arrest, the Court concluded with "reasonable certainty" that the headaches were not caused by the arrest. For all of these reasons, the Court correctly declined to award Plaintiff compensatory damages.

Neither is there a basis for other damages. Plaintiff has not provided any evidence of resulting economic loss, such as hospital bills, nor has he suggested that such evidence exists. As a result, the Court cannot award consequential or special damages. See Order at 9; Mot. Punitive damages are appropriate on an excessive-force claim when a defendant acts with either: "(1) [w]illful, wanton or malicious violation of the plaintiff's rights, or (2) [r]eckless disregard of whether or not his actions were in violation of the plaintiff's rights." Blackledge v. Carlone, 126 F.

3

Supp. 2d 224, 225 (D. Conn. 2001). Plaintiff's conviction for assaulting the police officer Defendants, as well as his *de minimis* injuries, make clear that neither ground for punitive damages is appropriate here. To the extent that excessive force was used, that force appears to be neither willful, wanton, malicious, nor reckless.

Accordingly, the Court's award of damages was neither clearly erroneous nor manifestly unjust, and therefore Plaintiff's Motion is denied. Because the Court denies Plaintiff's Motion and this case has been closed, his Motion for a hearing and Motion for appointment of new *pro bono* counsel and reassignment of the case to a new judge are also denied.

## IV. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's Motions (Dkt. Nos. 116; 120; 129) are **DENIED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED**.

DATED: February 27, 2014
Albany, New York

Lawrence E. Kahn
U.S. District Judge